UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 02-CV-5988 (JFB) (VVP)

———————————

ELISE MORRIS AND DOUGLAS KATSAROS,

Plaintiffs,

VERSUS

HERBERT FLAIG AND MARILYN FLAIG,

Defendants.

———————————

MEMORANDUM AND ORDER
June 6, 2007

———————————

JOSEPH F. BIANCO, District Judge:

Before the Court is plaintiffs Elise Morris ("Morris") and Douglas Katsaros' ("Katsaros") (collectively "plaintiffs") petition for certification of an interlocutory appeal of this Court's October 3, 2005 and March 31, 2007 Orders in the above-captioned action.

I. BACKGROUND

A. Facts

Plaintiffs brought the instant action against their former landlords, defendants Herbert Flaig and Marilyn Flaig (collectively, "defendants"), alleging state claims, as well as a violation of the federal Residential Lead-Based Paint Hazard Reduction Act ("RLPHRA"), arising from a lead-paint condition in their Brooklyn residence.

B. Procedural History

On November 12, 2002, plaintiffs filed the instant action. In their amended complaint, filed on April 8, 2003, plaintiffs asserted eleven causes of action: (1) breach of implied warranty of habitability, (2) constructive eviction, (3) negligence, (4) gross negligence, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) violation of New York City's Local Law 1, (8) nuisance, (9) intentional/fraudulent misrepresentation, (10) negligent misrepresentation, and (11) violation of the RLPHRA, 42 U.S.C. §§ 4851-56. Plaintiffs sought relief in the form of rent abatement, compensatory damages, punitive damages, and treble damages under the RLPHRA.

On February 27, 2004, defendants moved for summary judgment as to all claims, and plaintiffs cross-moved for partial summary

judgment on March 2, 2004. On July 29, 2005, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation granting in part and denying in part defendants' motion for summary judgment. Specifically, plaintiffs' claims of constructive eviction, negligent infliction of emotional distress, and nuisance were dismissed. The Honorable John Gleeson adopted the Report and Recommendation in full on October 3, 2005.

This case was reassigned to the undersigned on February 10, 2006. From May 15, 2006 through May 30, 2006, a jury trial was held before this Court on the remaining claims. The jury (1) found defendants liable for the plaintiffs' claims of negligence and breach of the implied warranty of habitability; and (2) declined to find defendants liable as to plaintiffs' federal claim under the RLPHRA, as well as plaintiffs' claims for gross negligence, intentional infliction of emotion distress, intentional misrepresentation, and negligent misrepresentation. The jury awarded $5,268.01 in compensatory damages, but declined to award rent abatement damages. (Court Ex. 5.) The jury also determined that punitive damages were warranted against defendants. (Court Ex. 5.) After further deliberation, the jury awarded $110,000 in punitive damages solely against defendant Herbert Flaig. (Court Ex. 6.)

Following the trial, the parties filed cross-motions pursuant to Federal Rules of Civil Procedure 50 and 59. In an order dated March 31, 2007, the Court denied plaintiffs' motions in their entirety, and granted defendants' Rule 59 motion for *remittitur* on the punitive damages,[1] or, in the alternative, a new trial as to the amount of punitive damages. On April 13, 2007, plaintiffs moved the Court to amend its October 3, 2005 and March 31, 2007 Orders, and to certify questions resolved in such orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Oral argument was held on April 30, 2007.

II. DISCUSSION

A. Interlocutory Appeal

1. Standard of Review

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an immediate appeal of an interlocutory order if the court finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." However, "[d]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *SPL Shipping Ltd. v. Gujarat Cheminex, Ltd.*, No. 06-CV-15375 (KMK), 2007 WL 1119753 (S.D.N.Y. Apr. 12, 2007) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the authority to deny certification, even where the three statutory criteria are met, is "independent" and "unreviewable")) (additional citation omitted). The Second Circuit has held that "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on . . . ephemeral question[s] of law that m[ight]

───────────────

[1] The punitive damages award was conditionally remitted to $50,000. *Morris v. Flaig*, No. 02-CV-5988 (JFB) (VVP), 2007 U.S. Dist. LEXIS 28923, at *66-*67 (E.D.N.Y. Mar. 31, 2007).

2

disappear in the light of a complete and final record,'" and that "Congress also sought to assure the prompt resolution of knotty legal problems." *Weber v. United States*, – F.3d –, 2007 WL 1097077 (2d Cir. Apr. 13, 2007) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 864 (2d Cir. 1996)) (additional citations omitted). Therefore, interlocutory appeal is "'a rare exception' where, in the discretion of the district judge, it 'may avoid protracted litigation.'" *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (quoting *Koehler*, 101 F.3d at 865-66 (2d Cir. 1996)).

2. Timeliness

Under Section 1292(b), a party may appeal an order which has been certified for interlocutory review within ten days after the entry of the order. 28 U.S.C. § 1292(b). Neither Section 1292(b) nor Fed. R. Civ. P. 5(a), which governs petitions for permission to appeal, specify a time in which a party must move for the order itself to be certified for interlocutory appeal. However, courts have held that any delay in seeking amendment and certification "must be reasonable." *Green v. City of New York*, No. 05-CV-0429 (DLI) (ETB), 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006).

In this case, where plaintiffs seek relief from a summary judgment order issued nearly two years ago, and where the plaintiffs proceeded to trial without moving to certify this question for interlocutory appeal beforehand, amendment and certification of the October 3, 2005 summary judgment order would be improper under Section 1292(b). The Eastern District of New York has previously denied certification for interlocutory appeal where the party waited nearly two and a half months before moving the court to amend its order. *See, e.g., Green*, 2006 WL 3335051, at *2 (finding defendants' request for certification untimely following two-month delay); *Ferraro v. Sec'y of U.S. Dept. of Health & Human Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (holding that "there was no justification for plaintiff's delay in requesting certification" and "[m]oreover, plaintiff's two and a half month delay is an indication that the saving of time is of little concern in this case"). Similarly, the Seventh Circuit has held that a district court abused its discretion by granting § 1292(b) certification where the party seeking to appeal waited three months before making the request without providing a proper reason for the delay. *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (holding that "[t]he ten day limitation in section 1292(b) is not to be nullified by promiscuous grants of motions to amend"). As in *Green*, *Ferraro* and *Weir*, this Court finds that plaintiffs' request for Section 1292(b) certification of a question decided by summary judgment order nearly two years ago is untimely. The Court therefore could decline to certify the October 3, 2005 Order for interlocutory appeal on timeliness grounds alone. In any event, as set forth below, none of the other criteria support certification of the summary judgment issues in the October 3, 2005 order or the other legal issues decided in the March 31, 2007 order.

3. Mixed Questions of Law and Fact

The Court also agrees with defendants that granting certification pursuant to section 1292(b) would require the Court of Appeals to consider mixed questions of law and fact. The "question of law" certified for interlocutory appeal "must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *In re Worldcom, Inc.*, 2003 WL

21498904, at *10 (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000)); *S.E.C. v. First Jersey Securities, Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that, where an appeal "would necessarily present a mixed question of law and fact, not a controlling issue of pure law," the district court's order was "not appropriate for certification pursuant to 28 U.S.C. § 1292(b)"); *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) ("Nor is [§ 1292(b) certification] appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts.") (citing *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977)). In the instant case, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented at trial with regard to (1) defendants' knowledge of facts and law with relation to the RLPHRA; (2) the extent of defendants' breach of the warranty of habitability and the valuation of plaintiffs' residence; and (3) whether negligence on defendants' part caused plaintiffs to suffer emotional distress (as well as the extent of such distress). Under these circumstances, such questions do not present issues of "pure law" and therefore are not appropriate for interlocutory review.

4. Controlling Question of Law

A question of law is "controlling" if "reversal of the district court's order would terminate the action." *SPL Shipping Ltd.*, 2007 WL 1119753, at *2 (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Stradordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)); *see also S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) ("In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases.") (citing *Klinghoffer*, 921 F.2d at 24-25, and *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54-55 (S.D.N.Y. 1998)). Plaintiffs present four alleged "controlling questions of law" for interlocutory appeal: (1) whether a landlord must know of the duties imposed upon him by the RLPHRA in order to incur liability under the statute;[2] (2) whether the plaintiffs are entitled to rent abatement under New York Real Property Law § 235-b; (3) the constitutionality of the punitive damages award; and (4) plaintiffs' claim of negligent infliction of emotional distress. (Pls.' Br., at 10-20.) The Court finds that none of these questions are "controlling" for purposes of Section 1292(b).

a. RLPHRA

First, plaintiffs assert that "reversal of this Court's finding that the defendants could not be liable under the RLPHRA unless they knew of their duties under the Regulations will require summary judgment to be entered on liability in favor of the plaintiffs on that claim." As plaintiffs themselves point out, reversal of the Court's finding as to the

---

[2] As noted *supra*, although the Court declines to certify the October 3, 2005 Order addressing the knowledge requirement under the RLPHRA on the basis that plaintiffs' request is untimely, even if this request were timely, the Court would decline to certify the Order for interlocutory appeal for failure to satisfy the Section 1292(b) factors.

4

RLPHRA would only result in liability being entered in plaintiffs' favor as to this claim, and would not "terminate the action," thus indicating that, at least with respect to the instant case, the issue of whether liability under the RLPHRA requires a "knowing" violation is not a "controlling" issue of law. *See, e.g., Klinghoffer*, 921 F.2d at 24 (providing as examples of legal issues that terminate a case, *in personam* and subject-matter jurisdiction); *Green*, 2006 WL 3335051 at *2 ("Here, defendants' proposed questions of law for appeal are not controlling because, even if successful, they would only terminate the action with respect to one subclass in the litigation.").

b. Rent Abatement

Second, plaintiffs argue that, with regard to whether plaintiffs are entitled to rent abatement damages under New York Real Property Law § 234-b, this Court's "denial of plaintiffs' motion for judgment as a matter of law and a new trial on damages was based on a novel interpretation of New York law" and "conclusions that . . . are not supported by the trial record." (Pls.' Br., at 17.) First, with regard to whether the Court's finding is supported by the trial record, the Second Circuit declines to "decide matters of 'evidence sufficiency' on an interlocutory appeal, even if the underlying order is immediately appealable on other grounds." *Davidson v. Chestnut*, 193 F.3d 144, 150 (2d Cir. 1999) (declining to review summary judgment finding on interlocutory appeal where plaintiff alleged that the question presented numerous issues of fact) (citing *Johnson*, 515 U.S. at 318-19). Moreover, this question does not present a "controlling" question of law, as reversal of the Court's ruling would not terminate the action, but would in fact require a new trial as to plaintiffs' damages, if any, as plaintiffs acknowledge.

c. Punitive Damages

Following the guidance of the Second Circuit, the Court finds that the excessiveness of the punitive damages award does not present a question of law under Section 1292(b). In *Casey v. Long Island R.R.*, 406 F.3d 142, 147 (2d Cir. 2005), the Court of Appeals held that:

> [P]laintiff conceded at oral argument that the matter of the excessiveness of the jury's award does not present a question of law. Rather, it presents a question as to the proper evaluation of the evidence introduced at trial. That evaluation is not reviewed *de novo*, as a question of law would be, but rather is accorded deferential review. Nor is there any dispute as to the proper legal standard for the court's evaluation of the evidence to support the jury's award. The district court assessed whether the $1.3 million finding was so high as to shock the judicial conscience; the parties agree that that is the correct standard. "In sum, the correctness vel non of an order finding that a monetary verdict is not supported by the evidence but rather is so high as to shock the judicial conscience, and requiring a new trial unless the claimant accepts a remittitur, is not a question of law as to which an immediate interlocutory appeal is appropriate under § 1292(b)."

(Citations omitted). Contrary to plaintiff's assertion that the Court found the punitive damages award to be unconstitutional "based

5

upon a numerical ratio" or "a straight multiplier analysis," the Court applied the correct standard in evaluating the jury's punitive damages award. (Pl.'s Br., at 19.) The Court properly considered (1) the reprehensibility of defendants' misconduct; (2) the disparity between the actual or potential harm caused to plaintiffs and the jury's punitive damages award; and (3) how the jury's punitive damages award compared to punitive damages awards in similar and more egregious cases. *Morris*, 2007 U.S. Dist. LEXIS 28923, at *58-*59, *59-*67 (citing *DiSorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003) (holding that a punitive damages award is excessive under the Constitution if it "is so high as to shock the judicial conscience and constitute a denial of justice"), and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003) (setting forth factors for determining the reasonableness of a punitive damages award) (internal citation omitted)).

d. Negligent Infliction of Emotional Distress

The Court also finds that plaintiffs' question regarding the standard applied by the Court for their negligent infliction of emotional distress claim is not "controlling" for purposes of Section 1292(b), as reversal of the Court's ruling on this issue would not terminate the action, but would, in fact, necessitate a new trial as to liability and/or damages.

5. Substantial Ground for Difference of Opinion

The second factor in the analysis is whether there is "substantial ground for difference of opinion" as to the legal issues presented. 28 U.S.C. § 1292(b). The requirement that such a substantial ground exists may be met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Citigroup Pension Plan Erisa Litigation*, No. 05-CV-5296 (SAS), 2007 WL 1074912, at *2 (quoting *In re Lloyd's Am. Trust Funds Litig.*, No. 96-CV-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) (citing *Klinghoffer*, 921 F.2d at 25)). "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *Id.* (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, No. 04-CV-10014, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005). Plaintiffs fail to present a single case that contradicts the Court's holdings as to each of the four legal questions presented. *See, e.g., Compania Sudamericana de Vapores S.A. v. Sinochem Tianjin*, No. 06-CV-13765 (WHP), 2007 WL 1002265, at *5 (S.D.N.Y. Apr. 4, 2007) ("[Defendant's] argument that a 'substantial ground for difference of opinion' exists is belied by the fact that only one district court opinion . . . supports its position."); *In re Citigroup Pension Plan Erisa Litigation*, 2007 WL 1074912, at *3 ("Defendants do not cite a single case suggesting that any difference of opinion exists – let alone a substantial one."); *see also Babcock v. Computer Assocs. Int'l, Inc.*, No. 00-CV-1648 (JS) (MLO), 2007 WL 526601, at *1 (E.D.N.Y. Feb. 9, 2007) ("The Second Circuit has also noted that the 'mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.") (quotoing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). In the absence of any demonstration that substantial ground for difference of opinion exists as to any of the legal issues for which plaintiffs seek interlocutory review, certification on this ground is not appropriate.

6. Material Advancement of the Litigation

The third factor in determining whether interlocutory appeal is appropriate is whether granting such an appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'" *SPL Shipping Ltd.*, 2007 WL 1119753, at *3 (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. at 53 (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3930 (2d ed. 1996))). Plaintiffs fail to indicate how certification of the Court's orders for interlocutory appeal would advance the ultimate termination of this litigation, and in fact concede that, regarding the rent abatement issue, "a new trial on the amount of the abatement would be required." (Pls.' Br., at 18.) Furthermore, plaintiffs are not permitted to evade the requirement that plaintiffs accept either a new trial on punitive damages or a *remittitur* (both of which would lead to the effective termination of the lawsuit) by moving for interlocutory review. Courts in this Circuit have consistently declined to certify cases for immediate appeal following issuance of a *remittitur* order, rejecting the notion that doing so would alleviate the need for a new trial. *See, e.g., Ortiz-Del Valle v. Nat'l Basketball Assocs.*, 190 F.3d 598, 600 (2d Cir. 1999) (declining to review district court's order denying Rule 50 and Rule 59 motion conditioned upon plaintiff accepting either a new trial on damages or a *remittitur* where plaintiff opted for a new trial); *Okemo Mountain, Inc. v. Patrick J. Sikorski*, No. 93-CV-22, 2007 U.S. Dist. LEXIS 12815, at *4 (D. Vt. Feb. 23, 2007) (declining certification and noting that "[a]s this case currently stands, there is not much more to accomplish before final judgment enters on all claim" under the scenario of either acceptance of the *remittitur* or a short trial as to damages); *see also Evans v. Calmar S.S. Co.*, 534 F.2d 519, 522 (2d Cir. 1976) ("An order of *remittitur* frequently provides the means for ending the case by acceptance of the *remittitur* and payment of the judgment. The trouble and expense of a new trial are therefore eliminated."); *Donovan v. Penn Shipping Co., Inc.*, 536 F.2d 536, 538 (2d Cir. 1976) ("Finality and repose are achieved precisely because '[t]he risks of a verdict less than the amount to which the *remittitur* order has reduced the plaintiff's recovery are . . . calculated to induce most reasonable plaintiffs to accept the remittiur and call it a day.'") (quoting *Evans*, 534 F.2d at 522). Therefore, in light of the possibility of an entirely new trial as to issues raised on interlocutory appeal, the Court finds that material advancement of this litigation would not be served by section 1292(b) certification, rather than by allowing the case to proceed in short order to finality by plaintiffs' acceptance of the *remittitur* or a trial only as to punitive damages.

In sum, the criteria for interlocutory appeal have not been met. Therefore, the Court denies plaintiffs' motion to certify the Court's previous orders for review by the Second Circuit.

7

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to certify this Court's July 2005 and March 2007 Orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is denied. Plaintiffs have until July 2, 2007 to accept the *remittitur*, or the Court shall vacate the punitive damages award and order a new trial on the punitive damages issue.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 6, 2007
Central Islip, New York

\* \* \*

The attorney for the plaintiffs is Mark H. Bierman, Esq., of Beranbaum, Menken, Ben-Asher & Bierman, LLP, 80 Pine Street, 32nd Floor, New York, New York 10005. The attorneys for the defendants are Robert J. Conway, Esq., and Steven L. Sonkin, Esq., of Marshall, Conway & Wright, 116 John Street, 4th Floor, New York, New York 10038 and Andrew P. Saulitis, Esq., 555 Madison Avenue, New York, New York 10022-3301.